UNITED STATES DISTRICT COURT

EASTERN DISTRICT COURT OF LOUISIANA

| | | |
|---|---|---|
| SILVER DREAM, L.L.C., a Louisiana Limited Liability Company | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) ) | SECTION "  "  JUDGE |
| v. | ) ) | |
| SILVIA ASTURIAS, JUAN ASTURIAS and MAYAN OBSESSIONS, INC., d/b/a STERLING SILVIA | ) ) ) ) | DIVISION  MAGISTRATE JUDGE |

## VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Silver Dream, L.L.C., alleges the following in support of its Complaint:

### INTRODUCTION

1.  This action arises out of willful copyright infringement by defendants Silvia Asturias, Juan Asturias and Mayan Obsessions (collectively "Sterling Silvia") of an original jewelry design created and owned by plaintiff, Silver Dream, LLC.  Silver Dream seeks preliminary and permanent injunctive relief, damages and attorney fees for injuries that have been and will continue to be caused by such use in violation of the Copyright Act (17 U.S.C. §§101, *et seq*), for unfair competition under Louisiana law and for violation of the Louisiana Unfair Trade Practices and Consumer Protection Law (La.R.S. 15:1401 *et seq*).

## JURISDICTION AND VENUE

2. This action arises under the Copyright Act, 17 U.S.C. §§101 *et seq* and the jurisdiction of the Court is founded upon 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1338(a) (original and exclusive jurisdiction over copyright actions). The Court has jurisdiction over Silver Dream's state law claims pursuant to 28 U.S.C. §1367.

3. The Court has personal jurisdiction over the defendants because they are, on information and belief, residents and citizens of the State of Louisiana and have committed and continue to commit willful copyright infringement in the State of Louisiana and in this judicial district.

4. Venue lies in the Eastern District of Louisiana pursuant to the provisions of 28 U.S.C. §1391(b) and §1391(c) and 28 U.S.C. 1400(a) and (b) because a substantial part of the events and omissions giving rise to the claims asserted in this Complaint occurred in this judicial district and because defendants may be found in this district.

## THE PARTIES

5. Plaintiff Silver Dream, L.L.C. is a Louisiana limited liability company having its principal place of business at 8004 Willow Street, New Orleans, Louisiana. Silver Dream designs, markets and sells jewelry. Silver Dream's products are sold throughout the United States, including the Eastern District of Louisiana.

6. Upon information and belief, Silvia Asturias and Juan Asturias are individuals residing in Kenner, Louisiana.

7. Upon information and belief, Mayan Obsessions, Inc. is a Louisiana corporation owned by Silvia and Juan Asturias with its principal place of business at 41 French Market Place, New Orleans, Louisiana, and does business as Sterling Silvia.

**FACTUAL ALLEGATIONS**

8. Silver Dream, through its owners Joseph and Lety Tumulty, has operated a wholesale jewelry design business in New Orleans for more than a decade. Silver Dream creates original jewelry designs – often incorporating a New Orleans theme – and sells its jewelry to retailers in New Orleans, Louisiana and across the United States.

9. In the fall of 2009, Silver Dream conceived and created a jewelry design for a football-themed fleur de lis, including an image of a football, an image of a sports stadium and the words "Who Dat", "New Orleans" and "Believe Dat." The jewelry design was ultimately captured in the pendant pictured to the right and in Exhibit A (hereafter referred to as the "Silver Dream Design").



10. Jewelry incorporating the Silver Dream Design was and continues to be extremely successful.

11. The Silver Dream Design is wholly original and constitutes copyrightable subject matter. All rights, title and interest in the Silver Dream Design are owned by Silver Dream.

12. On August 4, 2010, Silver Dream submitted an application to register the Silver Dream Design with the United States Copyright Office.

13. Jewelry incorporating the Silver Dream Design has been widely advertised and sold in the greater New Orleans area since fall 2009.

14. Silver Dream and Sterling Silvia are competitors in the jewelry industry. As both are based and operate out of New Orleans, both are aware of each other's jewelry designs and the relative success of those designs. Once the Silver Dream Design was put in the marketplace, Sterling Silvia had access to the design and, upon information and belief, knew the design was experiencing success in the marketplace.

15. Sterling Silvia has been reproducing, selling and marketing jewelry that directly copies the Silver Dream Design. Sterling Silvia's copying and selling of Silver Dream's design has been willful and intentional.

16. Silver Dream first learned that Sterling Silvia was selling jewelry copying Silver Dream's Design on July 30, 2010, when Silver Dream saw the copied design being sold at the Helen Brett jewelry trade show in New Orleans.

17. At the trade show, a Silver Dream customer purchased a pendant from Sterling Silvia and subsequently informed Silver Dream of the design similarities. Sterling Silvia's design wholly encompasses and directly copies Silver Dream's Design; images of Sterling Silvia's copied pendant are shown in Exhibit B. Other than Sterling Silvia's pendant being slightly larger, it is identical to pendants sold by Silver Dream incorporating the Silver Dream Design. The football and sport stadium images are depicted at exactly the same location on the fleur de lis. The phrases "Who Dat", "New Orleans" and "Believe Dat" also appear in the

same location on Sterling Silvia's design as the Silver Dream Design.  It is immediately obvious that Sterling Silvia copied Silver Dream's Design.

**Silver Dream's
Fleur De Lis Pendant**



**Sterling Silvia's
Copied Design**



18. Sterling Silvia knew, or should have known, that it did not have permission to copy Silver Dream's Design.

### FIRST CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT

19. Silver Dream repeats and realleges the allegation set forth in paragraphs 1-18 above as if fully set forth in this paragraph.

20. Silver Dream owns all right and title to the copyright interests in the Silver Dream Design. Silver Dream has applied for a copyright registration with the United States Copyright Office.

21. Sterling Silvia has willfully and intentionally infringed Silver Dream's copyright interests in the design by copying, marketing and selling an identical design.

22. Sterling Silvia's copyright infringement has damaged Silver Dream in a sum not presently known but believed to be significant.

23. Silver Dream is entitled to preliminary and permanent injunctive relief, damages, attorney fees and the destruction of Sterling Silvia's infringing copies.

### SECOND CAUSE OF ACTION
### UNFAIR COMPETITION

24. Silver Dream realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 23 above.

25. Sterling Silvia's conduct constitutes unfair competition in violation of Louisiana law.

26. Sterling Silvia's unfair competition has damaged Silver Dream in a sum not presently known but believed to be significant.

27. Silver Dream is entitled to preliminary and permanent injunctive relief, damages, attorney fees and the destruction of Sterling Silvia's infringing copies.

### THIRD CAUSE OF ACTION
### UNFAIR COMPETITION

28. Silver Dream realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 27 above.

29. Sterling Silvia's conduct constitutes a violation of Louisiana's Unfair Trade Practices and Consumer Protection Law, La.R.S. 51:1401-1420.

30. Sterling Silvia's unfair trade practices have damaged Silver Dream in a sum not presently known by believed to be significant.

31. Silver Dream is entitled to preliminary and permanent injunctive relief, actual damages, treble damages, attorney fees and costs.

### PRAYER FOR RELIEF

Silver Dream, L.L.C. prays for relief as follows:

A. A judgment against Silvia Asturias, Juan Asturias and Mayan Obsessions, Inc., collectively doing business as Sterling Silvia, and their affiliates, agents, servants, employees, representatives and all other persons, firms or corporations in active concert or participation with them, preliminarily and permanently enjoining and restraining them from using, copying or otherwise infringing Silver Dream's Design;

B. Ordering the seizure and destruction of any infringing materials;

C. Requiring defendants to account for and pay to Silver Dream, all gains, profits, and advantages derived from defendants' wrongful acts, or such alternative measure or measures of damages, including statutory damages, as may be appropriate.

{remainder of this page intentionally left blank}

D. In view of defendants' willful conduct, treble or exemplary damages.

E. An award of attorney fees, interests and costs; and,

F. Any other or further relief to which plaintiff may be entitled.

                Respectfully submitted,

                /s/ Greg Latham_____
                Gregory D. Latham
                201 St. Charles Avenue, Suite 114
                New Orleans, Louisiana 70170
                Phone: (504) 322.7166
                Fax: (504) 322.7184
                glatham@iplawconsulting.com

                Attorney for Silver Dream, LLC