UNITED STATES DISTRICT COURT

EASTERN DISTRICT COURT OF LOUISIANA

| | | |
|---|---|---|
| SILVER DREAM, L.L.C., a Louisiana | ) | CIVIL ACTION NO. 2010-2580 |
| Limited Liability Company, | ) | |
| *Plaintiff* | ) | SECTION "R" |
| | ) | CHIEF JUDGE SARAH VANCE |
| v. | ) | |
| | ) | |
| SILVIA ASTURIAS, JUAN ASTURIAS | ) | |
| and MAYAN OBSESSIONS, INC., | ) | |
| d/b/a STERLING SILVIA, | ) | DIVISION 3 |
| *Defendants* | ) | MAGISTRATE JUDGE KNOWLES |
| | ) | |

## STIPULATED PROTECTIVE ORDER

Considering the foregoing Joint Motion for Protective Order submitted by the parties through their respective counsel of record:

**IT IS ORDERED THAT:**

1.      Any document, tangible item, or testimonial information provided by either party, which that party in good faith contends contains information proprietary to it and entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure, may be designated as confidential and, except as permitted by further order of a court of competent jurisdiction, or by subsequent written agreement of the producing party, such designated documents, tangible items, or testimonial information shall be received by counsel of record for the party upon the terms and conditions of this Stipulated Protective Order ("Protective Order").

2.      Documents or tangible items shall be designated confidential within the meaning

of this Protective Order in the following ways:

(a)      In the case of documents and the information contained therein, by placing
on the document the legend "CONFIDENTIAL" or "ATTORNEYS' EYES
ONLY."

(b)      In the case of interrogatory answers and the information contained therein,
designation shall be made by placing on the pages containing the confidential
information the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(c)      In the case of tangible items, designation shall be made by visibly marking
the item "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or by affixing to
the item a paper marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(d)      In producing original files and records for inspection, no marking need be
made by the producing party in advance of the inspection. For the purposes of the
inspection, all documents produced shall be considered as marked
"ATTORNEYS' EYES ONLY."  Thereafter, upon selection of specified
documents for copying by the inspecting party, the producing party shall mark as
"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" the copies of such
documents as may contain confidential information at the time the copies are
produced to the inspecting party.

3.      With respect to all documents, information, or tangible items produced or

furnished by a party during this litigation that are designated as "CONFIDENTIAL" or

"ATTORNEYS' EYES ONLY" by the producing party, such documents, information, or

tangible items shall be kept confidential and shall not be given to, shown to, made available to,

discussed with, or otherwise communicated to in any manner ("Disclosed"), either directly or

indirectly, any person not authorized to receive the information under the terms of this Protective

Order.

4.      Any party may designate information in deposition testimony, deposition exhibits,

or documents (including electronically stored information and tangible things) produced in

connection with a deposition in the course of this proceeding as confidential by indicating on the

record during the deposition the testimony, exhibit, or document that the party designates as

confidential or by stamping the exhibit or document as set forth in Paragraph 2 above.  Any party may also designate information in deposition testimony, deposition exhibits, or documents (including electronically stored information and tangible things) produced in connection with a deposition in the course of this proceeding as confidential by notifying the other parties, in writing, within fifteen (15) working days of the receipt of the deposition transcript of the portions of the transcript (by specific page and line reference) that are to be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  Prior to such designation or expiration of the fifteen (15) working day period, the entire deposition transcript shall be deemed "ATTORNEYS' EYES ONLY" information. Transcripts of testimony, or portions thereof, containing confidential information shall be filed only under seal as described in Paragraph 5 below, until further order of the Court.

If, during the above-described fifteen (15) working day designation period, a party wishes to Disclose portions of the deposition transcript, the party shall make a written request to opposing counsel. The written request shall identify the portions of the deposition transcript to be Disclosed and the person(s) to whom such disclosure is to be made. If no objection is made within five (5) working days of the written request, counsel for the requesting party shall be free to make such disclosure. If objection is made within the five (5) working days, then no disclosure shall be made. Any party may bring before the court the question of whether the requested disclosure may be made. In the resolution of such matter, the objecting party shall have the burden of establishing before the court the reasons for denying the requested disclosure of claimed confidential information.

5. No information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY shall be filed in the public record of this proceeding except in accordance with the next

sentence.  If a party includes any information designated as "CONFIDENTIAL" or

"ATTORNEYS' EYES ONLY" in any pleading, affidavit, memorandum, brief, exhibit,

deposition transcript, discovery request, discovery response or other paper to be filed in the

public record of this proceeding, then such information shall be filed in a sealed envelope

marked "CONFIDENTIAL — NOT TO BE OPENED EXCEPT BY ORDER OF THE

COURT."

6.      Any confidential document, tangible item, or testimonial information produced by

any party which contains information proprietary to the producing party and which is particularly

sensitive competitive information, may be designated in writing as "ATTORNEYS' EYES

ONLY."  Examples of the types of information that may be designated as "ATTORNEYS'

EYES ONLY" include (but are not limited to):

> (a)     The names, or other information tending to reveal the identities, of a
> party's supplier;

> (b)     The names, or other information tending to reveal the identities, of a
> party's present or prospective customers;

> (c)     Proprietary technical and financial information of a party;

> (d)     The names, or other information tending to reveal the identities, of a
> party's distributors; and

> (e)     Strategic and marketing plans of a party.

Other categories of "ATTORNEYS' EYES ONLY" information may exist. The parties agree to

designate information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on a good-faith

basis and not for purposes of harassing the receiving party or for purposes of unnecessarily

restricting the receiving party's access to information concerning the lawsuit.

7.      Before disclosure of any information subject to this Protective Order, including

summaries thereof, is made to any person other than Juan Asturias, Silvia Asturias, Cristy

Asturias, Joseph Tumulty, or Lety Tumulty, counsel for the party Disclosing the information shall obtain a written undertaking, in the form attached hereto as Appendix A, from each person to whom disclosure is to be made, acknowledging that any document, information or tangible item that has been designated as confidential is subject to this Protective Order, that the person has read this Protective Order, that such person agrees to comply with, and be bound by, this Protective Order, and that such person is aware that sanctions may be entered for violation of this Protective Order.

8.      Except as permitted by further order of this court or by subsequent written agreement of the producing party, disclosure of "ATTORNEYS' EYES ONLY" documents or information, including summaries thereof, shall be limited to:

(a)      counsel of record for the parties as well as associate attorneys, paralegals, and clerical employees assisting such counsel; and

(b)      Judges, Magistrates, Special Masters, law clerks, and clerical personnel of the Court before which this action is pending.

The parties agree that any disclosure under this paragraph shall not be deemed to waive any attorney-client privilege or work product immunity that may exist.

9.      If it becomes necessary for counsel for a party receiving "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information to seek the assistance of any person other than those referred to in Paragraphs 7 and 8 above and to Disclose "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information to such person in order to properly prepare this litigation for trial, the following procedures shall be employed:

(a)      Counsel for the receiving party shall notify, in writing, counsel for the party producing the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information of their desire to Disclose such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information and shall identify the person(s) to whom they intend to make disclosure.

(b)      If no objection to such disclosure is made by counsel for the producing party within ten (10) working days of such notification, counsel for the receiving party shall be free to make such disclosure to the designated person(s); provided, however, that counsel for the receiving party shall serve upon opposing counsel, prior to disclosure, an Undertaking in the form attached hereto as Appendix A, whereby such person agrees to comply with and be bound by this Protective Order.

(c)      If the producing party objects to such disclosure, no disclosure shall be made. Any party may bring before the court the question of whether the particular "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information can be Disclosed to the designated person(s). In the resolution of such matter, the producing party shall have the burden of establishing the reasons for denying disclosure of the claimed confidential information to the designated person(s).

10.      If, through inadvertence, a producing party provides any information in this proceeding without designating the information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, the producing party may subsequently inform the receiving party of the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" nature of the disclosed information, and the receiving party shall treat the disclosed information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information upon receipt of written notice from the producing party, to the extent the receiving party has not already Disclosed this information.

11.      The restrictions set forth in this Protective Order will not apply to information which is known to the receiving party or the public before the date of its transmission to the receiving party, or which becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees, or agents which would be in violation of this order. If such public information is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the receiving party must inform the producing party of the pertinent circumstances in writing before the restrictions of this order will be inapplicable.

12.     No person or party shall directly or indirectly utilize or Disclose any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information obtained in this proceeding, except for the purpose of this proceeding only and in accordance with any further order issued by the court.

13.     Acceptance by a party of any information, document, or tangible item designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not constitute a concession that the information, document or tangible item is confidential. Either party may contest a claim of confidentiality. If the receiving party disagrees with the designation and marking by any producing party of any material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," then the parties shall first try to resolve such disputes on an informal basis. If agreement cannot be reached between counsel, then such dispute may be presented to the court by either party by motion or otherwise. In the resolution of such matter, the party claiming confidentiality shall have the burden of establishing the confidentiality of the information, document, or thing.

14.     This Protective Order shall be without prejudice to the right of any party to oppose production of any information on grounds other than confidentiality.

15.     This Protective Order shall not prevent any party from applying to the court for relief therefrom, from applying to the court for further or additional protective orders, or from agreeing among themselves in writing to modify or vacate this Protective Order, subject to the approval of the court.

16.     At the conclusion of this proceeding, including any appeals, all "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" information furnished pursuant to this Protective Order, and all copies thereof, shall be returned to the producing attorneys of record or, at the producing party's option, destroyed by counsel for the receiving party. The provisions of

this Protective Order insofar as it restricts the disclosure, communication of, and use of,

"CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" information produced hereunder shall

continue to be binding after the conclusion of this proceeding.

      17.    If discovery is sought of a person not a party to this action ("non-party" or "third

Party") requiring disclosure of such non-party's "CONFIDENTIAL" or "ATTORNEYS' EYES

ONLY" information, the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information

disclosed by such non-party will be accorded the same protection as the parties'

"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, and will be subject to the

same procedures as those governing disclosure of the parties' "CONFIDENTIAL" or

"ATTORNEYS' EYES ONLY" information pursuant to this Protective Order.

      18.    The production, through inadvertence, mistake, or other error of any document

entitled to protection under the attorney-client privilege or the attorney work-product doctrine

shall not constitute a waiver of such privilege as to the subject matter of the document or as to

related documents or communications. If either party produces a document entitled to protection

under the attorney-client privilege or the attorney work-product doctrine, the producing party

may, at any time prior to the commencement of trial — but in any event not more than fifteen

(15) calendar days after the document is first identified by either party as a potentially attorney-

client privileged or work product protected document, marked as a deposition exhibit, or

identified as a potential trial exhibit — request the return of the document. Such a request must

be made in writing and must identify the basis for the privilege claimed.

      If the party that received the document agrees that it is privileged (without regard to its

production), then the document and all copies shall promptly be returned to the producing party

or destroyed, and no reference to such document shall be made in connection with the proof of

the facts in this dispute. If the party that received the document does not agree that the document was privileged, then it shall so notify the producing party within ten (10) calendar days of receiving written notice of the asserted privilege. In such event, the producing party may move the court to resolve the question of privilege.

Unless the parties otherwise agree in writing, any such motion must be made within fifteen (15) calendar days of receiving notification that the recipient of the document disputes the claim of privilege. If the Court rules that the document is privileged (without regard to the fact of production), then the party that received the document shall promptly return the document and all known copies to the producing party (except that counsel may retain copies as needed for the sole purpose of seeking reconsideration or appellate review of the Court's ruling on the question of privilege) and shall make no reference to the document in connection with the proof of the facts in this case.

The foregoing is hereby stipulated by and between the parties and their counsel.


Signed at New Orleans, Louisiana, this __3rd__ day of ____January____, 20_11_ .


_____
United States Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF LOUISIANA

| | | |
|---|---|---|
| SILVER DREAM, L.L.C., a Louisiana | ) | CIVIL ACTION NO. 2010-2580 |
| Limited Liability Company, | ) | |
| *Plaintiff* | ) | SECTION "R" |
| | ) | CHIEF JUDGE SARAH VANCE |
| v. | ) | |
| | ) | |
| SILVIA ASTURIAS, JUAN ASTURIAS | ) | |
| and MAYAN OBSESSIONS, INC., | ) | |
| d/b/a STERLING SILVIA, | ) | DIVISION 3 |
| *Defendants* | ) | MAGISTRATE JUDGE KNOWLES |
| _____ | ) | |

## CONFIDENTIALITY UNDERTAKING

I have read and reviewed in its entirety the annexed Stipulated Protective Order ("Protective Order") that has been signed and entered in this matter.

I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I either review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

I further agree to submit to the jurisdiction and authority of this court for the purposes of enforcement of the terms of this Protective Order. I understand that the court may enter sanctions for violations of the Protective Order.

DATED this _____ day of _____, 20___.

_____
*(Signature)*

_____
*(Name)*

**EXHIBIT A**

4826-7692-3912, v. 1