UNITED STATES DISTRICT COURT

EASTERN DISTRICT COURT OF LOUISIANA

| | | |
|---|---|---|
| SILVER DREAM, L.L.C., a Louisiana Limited Liability Company,<br>      *Plaintiff* | )<br>)<br>)<br>) | CIVIL ACTION NO. 2010-2580<br><br>SECTION "R"<br>CHIEF JUDGE SARAH VANCE |
| v. | )<br>) | |
| SILVIA ASTURIAS, JUAN ASTURIAS and MAYAN OBSESSIONS, INC., d/b/a STERLING SILVIA,<br>      *Defendants*<br>_____ | )<br>)<br>)<br>)<br>) | <br><br>DIVISION 3<br>MAGISTRATE JUDGE KNOWLES |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

**NOW INTO COURT,** through undersigned counsel, come Defendants Silvia Asturias, Juan Asturias and Mayan Obsessions, Inc., collectively doing business as Sterling Silvia (hereafter, "Defendants" or "Sterling Silvia"), who answer the Verified Complaint for Damages and Injunctive Relief filed by Plaintiff on August 8, 2010 (Rec. Doc. 1) as follows:.

    1.    The allegations of Paragraph 1 are denied.

    2.    The allegations of Paragraph 2 are denied.

    3.    The allegations of Paragraph 3 are denied except to admit that Defendants are residents of the State of Louisiana.

4. The allegations of Paragraph 4 are denied except to admit that Defendants reside in the Eastern District of Louisiana.

5. The allegations of Paragraph 5 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

6. The allegations of Paragraph 6 are admitted.

7. The allegations of Paragraph 7 are admitted.

8. The allegations of Paragraph 8 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

9. The allegations of Paragraph 9 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

10. The allegations of Paragraph 10 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

11. The allegations of Paragraph 11 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

12. The allegations of Paragraph 12 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

13. The allegations of Paragraph 13 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

14. The allegations of Paragraph 14 are denied, except to admit that Sterling Silvia is based in and operates out of New Orleans.

15. The allegations of Paragraph 15 are denied, and such allegations require strict and exacting proof.

16. The allegations of Paragraph 16 are denied and/or denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

17. The allegations of Paragraph 17 are denied and/or denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

18. The allegations of Paragraph 18 are denied and/or denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

19. In response to Paragraph 19, the responses to Paragraphs 1 through 18 above are incorporated by reference with the same force and effect as if fully set forth in this Paragraph.

20. The allegations of Paragraph 20 are denied and/or denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

21. The allegations of Paragraph 21 are denied, and such allegations require strict and exacting proof.

22. The allegations of Paragraph 22 are denied.

23. The allegations of Paragraph 23 are denied.

24. In response to Paragraph 24, the responses to Paragraphs 1 through 24 above are incorporated by reference with the same force and effect as if fully set forth in this Paragraph.

25. The allegations of Paragraph 25 are denied.

26. The allegations of Paragraph 26 are denied.

27. The allegations of Paragraph 27 are denied.

28. In response to Paragraph 28, the responses to Paragraphs 1 through 27 above are incorporated by reference with the same force and effect as if fully set forth in this Paragraph.

29. The allegations of Paragraph 29 are denied.

30. The allegations of Paragraph 30 are denied.

31. The allegations of Paragraph 31 are denied.

32. To the extent Plaintiff's prayer for relief requires a response, the allegations in such prayer for relief are denied and Defendants deny that Plaintiff is entitled to such a judgment.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

33. One or more Counts of the Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

34. This Court lacks jurisdiction over the subject matter of the action.

### Third Affirmative Defense

35. Plaintiff is not the real party in interest.

### Fourth Affirmative Defense

36. Plaintiff suffered no compensable injury or damage proximately caused by Defendants.

### Fifth Affirmative Defense

37. Plaintiff's injuries and damages, if any there be, were caused in whole or in part by individuals or entities over which Defendants have no control and/or for whom Defendants are not responsible.

### Sixth Affirmative Defense

38. Plaintiff is precluded from recovering the damages, remedies, or other relief that it seeks as a result of its failure to mitigate its damages, if any there be.

### Seventh Affirmative Defense

39. Plaintiff is precluded from recovering the damages, remedies, or other relief that it seeks as a result of its assumption of risk.

### Eighth Affirmative Defense

40. Plaintiff is precluded from recovering the damages, remedies, or other relief that it seeks on the grounds that Defendants' alleged conduct constitutes fair use.

### Ninth Affirmative Defense

41. Defendants plead all of their rights, remedies, and defenses under the U.S. Copyright Act, 17 U.S.C. § 101 et seq, including, without limitation, innocent infringement.

### Tenth Affirmative Defense

42. Plaintiff is precluded from recovering the damages, remedies, or other relief that it seeks on the grounds that, on information and belief, Plaintiff has failed to properly register, protect, maintain, and/or police its copyrights.

### Eleventh Affirmative Defense

43. Plaintiff is precluded from recovering the damages, remedies, or other relief that it seeks on the grounds that, on information and belief, Plaintiff has no protectable copyright interest in the design that is the subject of the Complaint.

### Twelfth Affirmative Defense

44. Plaintiff is precluded from recovering the damages, remedies, or other relief that it seeks on the grounds that, to the extent (if any) that Plaintiff enjoys any copyright rights, on information and belief, Plaintiff has engaged in misuse of copyright.

### Thirteenth Affirmative Defense

45. Plaintiff is precluded from recovering the damages, remedies, or other relief that it

seeks on the grounds that, on information and belief, Plaintiff has unclean hands.

## COUNTERCLAIMS

### Parties

46.     Plaintiff Silver Dream, LLC ("Silver Dream") is made a defendant to Sterling Silvia's counterclaims herein.  Plaintiff is a limited liability company organized under the laws of the State of Louisiana with its principal place of business located at 8004 Willow Street, New Orleans, Louisiana  70118.

47.     Joseph Tumulty is made a defendant to Sterling Silvia's counterclaims herein.  On information and belief, Mr. Tumulty is a person of the full age of majority and a resident of the Parish of Orleans, State of Louisiana.  On information and belief, Mr. Tumulty is a member of Silver Dream, LLC, which he caused to be formed on or about July 16, 2004.

48.     Leticia "Lety" Tumulty is made a defendant to Sterling Silvia's counterclaims herein.  On information and belief, Mrs. Tumulty is a person of the full age of majority and a resident of the Parish of Orleans, State of Louisiana.  On information and belief, Mrs. Tumulty is a member of Silver Dream, LLC, which she caused to be formed on or about July 16, 2004.

### Jurisdiction and Venue

49.     Jurisdiction over Sterling Silvia's counterclaims exists under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

50.     Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(b) and (c).

### First Counterclaim: Computer Fraud and Abuse Act

51.     Sterling Silvia realleges and incorporates by reference the allegations of Paragraphs 46 through 50 above as if fully set forth in this Paragraph.

52. On more than one occasion in late October of 2010, Silver Dream, by way of at least Mr. Tumulty, transmitted an e-mail communication to Sterling Silvia's manufacturer in Thailand, wherein Mr. Tumulty (or another an agent or representative of Silver Dream) deceived Sterling Silvia's manufacturer, falsified a request for sensitive and proprietary information (and by Sterling Silvia's redaction of this information, Silver Dream had knowledge of the sensitive and proprietary nature of this information), and misrepresented the electronic signature of Mr. Juan Asturias.

53. The aforementioned conduct constitutes a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

## Second Counterclaim:  Trade Secret Misappropriation

54. Sterling Silvia realleges and incorporates by reference the allegations of Paragraphs 46 through 53 above as if fully set forth in this Paragraph.

55. Sterling Silvia zealously guards, and takes steps to safeguard, its internal pricing information as well as the identity of its manufacturers with which it has a close working relationship.

56. The aforementioned conduct of Silver Dream, Joseph Tumulty, and Lety Tumulty constitutes a violation of the Louisiana Uniform Trade Secrects Act, La. R.S. 51:1431 et seq.

## Third Counterclaim: Unfair Trade Practices

57. Sterling Silvia realleges and incorporates by reference the allegations of Paragraphs 46 through 56 above as if fully set forth in this Paragraph.

58. The aforementioned conduct of Silver Dream, Joseph Tumulty, and Lety Tumulty constitutes a violation of the Louisiana Unfair Trade Practices Act, La. R.S. 51:1401 et seq.

Fourth Counterclaim:  Invasion of Privacy

59. Sterling Silvia realleges and incorporates by reference the allegations of Paragraphs 46 through 58 above as if fully set forth in this Paragraph.

60. The aforementioned conduct of Silver Dream, Joseph Tumulty, and Lety Tumulty constitutes a violation of the common-law tort of invasion of privacy as adopted in Louisiana.

Fifth Counterclaim: Breach of Contract and Duty to Deal in Good Faith

61. Sterling Silvia realleges and incorporates by reference the allegations of Paragraphs 46 through 60 above as if fully set forth in this Paragraph.

62. In September and October of 2010, the parties negotiated a settlement of this matter and executed a Settlement Agreement resolving all claims in this lawsuit.  Shortly after execution of the Settlement Agreement, however, Silver Dream unilaterally and without justification reneged on the settlement and continued to pursue this lawsuit.

63. In the alternative, the aforementioned conduct of Silver Dream constitutes a breach of the Settlement Agreement and is a blatant, egregious violation of Silver Dream's duty under Louisiana Civil Code article 1759 to deal in good faith.

Sixth Counterclaim: Copyright Act Attorneys' Fees

64. Sterling Silvia realleges and incorporates by reference the allegations of Paragraphs 46 through 63 above as if fully set forth in this Paragraph.

65. Inasmuch as Plaintiff's alleged infringement and/or other copyright actions against Sterling Silvia are without merit and will be denied, Sterling Silvia is entitled to an award of attorneys' fees and other relief under the U.S. Copyright Act, 17 U.S.C. § 101 et seq.

**WHEREFORE,** Sterling Silvia prays that this answer be deemed good and sufficient and that, after due proceedings had, there be judgment in its favor and against Plaintiff

dismissing Plaintiff's demands at its cost and with prejudice and for an award of money for its court costs, attorneys' fees, consulting fees, and expert witness fees. Sterling Silvia prays further for an award of damages, attorneys' fees, consulting fees, and expert witness fees on Sterling Silvia's counterclaims and for any and all other general and equitable relief in the premises or that this Court deems proper..

Respectfully submitted,

/s/ Theodore S. Owers III_____
Raymond G. Areaux (#16792)
Theodore S. Owers III (#27028)
Ian C. Barras (#30854)
J. Matthew Miller III (#32594)
CARVER, DARDEN, KORETZKY, TESSIER,
    FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras Street, Suite 3100
New Orleans, Louisiana 70163
Telephone: 504.585.3803
Facsimile: 504.585.3801
areaux@carverdarden.com

Attorneys for Silvia Asturias, Juan Asturias, and Mayan Obsessions, Inc.

Certificate of Service

I hereby certify that a true and correct copy of the foregoing Answer, Affirmative Defenses, and Counterclaims was served upon counsel for Plaintiff via U.S. Mail on the 4th day of January, 2011.

/s/ Theodore S. Owers III_____
Theodore S. Owers III