UNITED STATES DISTRICT COURT

EASTERN DISTRICT COURT OF LOUISIANA

| | | |
|---|---|---|
| SILVER DREAM, L.L.C., a Louisiana Limited Liability Company, <br>    *Plaintiff* <br> v. <br> SILVIA ASTURIAS, JUAN ASTURIAS and MAYAN OBSESSIONS, INC., d/b/a STERLING SILVIA, <br>    *Defendants* | ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 2010-2580 <br><br> SECTION "R" <br> CHIEF JUDGE SARAH VANCE <br><br><br><br> DIVISION 3 <br> MAGISTRATE JUDGE KNOWLES |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

  **NOW INTO COURT,** through undersigned counsel, come Defendants Silvia Asturias, Juan Asturias and Mayan Obsessions, Inc., collectively doing business as Sterling Silvia (hereafter, "Defendants" or "Sterling Silvia"), who answer the First Amended Complaint for Damages and Injunctive Relief filed by Plaintiff on February 16, 2011 (Rec. Doc. 26) as follows:.

  1.  The allegations of the preamble and Paragraph 1 are denied.

  2.  The allegations of Paragraph 2 are denied except to admit that Defendants are residents of the State of Louisiana.

3. The allegations of Paragraph 3 are denied except to admit that Defendants reside in the Eastern District of Louisiana.

4. The allegations of Paragraph 4 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

5. The allegations of Paragraph 5 are admitted.

6. The allegations of Paragraph 6 are admitted.

7. The allegations of Paragraph 7 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

8. The allegations of Paragraph 8 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

9. The allegations of Paragraph 9 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

10. The allegations of Paragraph 10 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

11. The allegations of Paragraph 11 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

12. The allegations of Paragraph 12 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

13. The allegations of Paragraph 13 are denied, except to admit that Sterling Silvia is based in and operates out of New Orleans.  Sterling Silvia is not a competitor of Plaintiff because Sterling Silvia is not a jewelry wholesaler.

14. The allegations of Paragraph 14 are denied, and such allegations require strict and exacting proof.  Furthermore, in Paragraph 25 of this First Amended Complaint, Plaintiff

contradicts the allegations of Paragraph 14 by admitting that the products in question were **manufactured by someone other than Sterling Silvia.** In view of Plaintiff's admission that the products were manufactured by someone other than Sterling Silvia, Plaintiff's allegation in Paragraph 14 that Sterling Silvia has been "reproducing" the products in question is plainly false.

15. The allegations of Paragraph 15 are denied and/or denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

16. The allegations of Paragraph 16 are denied and/or denied for lack of knowledge or information sufficient to form a belief as to the truth thereof. Furthermore, in Paragraph 25 of this First Amended Complaint, Plaintiff contradicts the allegations of Paragraph 16 by admitting that the products in question were **manufactured by someone other than Sterling Silvia.** In view of Plaintiff's admission that the products were manufactured by someone other than Sterling Silvia, Plaintiff's allegation in Paragraph 16 that "Sterling Silvia copied Silver Dream's Design" is plainly false.

17. The allegations of Paragraph 17 are denied and/or denied for lack of knowledge or information sufficient to form a belief as to the truth thereof. Furthermore, in Paragraph 25 of this First Amended Complaint, Plaintiff contradicts the allegations of Paragraph 17 by admitting that the products in question were **manufactured by someone other than Sterling Silvia.** In view of Plaintiff's admission that the products were manufactured by someone other than Sterling Silvia, Plaintiff's allegation in Paragraph 17 that Sterling Silvia "cop[ied] Silver Dream's Design" is plainly false.

18. The allegations of Paragraph 18 are admitted.

19. The allegations of Paragraph 19 are admitted.

20. The allegations of Paragraph 20 are denied, except to admit that Sterling Silvia

consented to entry of a temporary restraining order and preliminary injunction as reflected in the court's order of September 14, 2010 (Rec. Doc. 10).

21. The allegations of Paragraph 21 are denied, except to admit that the parties agreed on the principal terms of a settlement agreement, which agreement as executed is the best evidence of its terms.

22. The allegations of Paragraph 22 are denied, except to admit that Sterling Silvia agreed to provide affidavits to Plaintiff, which affidavits as executed are the best evidence of their terms.

23. The allegations of Paragraph 23 are denied, except to admit that the settlement agreement as executed is the best evidence of its terms.

24. The allegations of Paragraph 24 are denied, except to admit that Sterling Silvia provided affidavits signed by Juan Asturias and Silvia Asturias.

25. The allegations of Paragraph 25 are denied, except to admit that Plaintiff obtained copies of an invoice from the manufacturer who made and sold the infringing products to Sterling Silvia.

26. The allegations of Paragraph 26 are denied, and such allegations require strict and exacting proof.

27. The allegations of Paragraph 27 are denied, except to admit that Sterling Silvia offered for sale, and sold, jewelry items incorporating the design depicted in Paragraph 27.

28. The allegations of Paragraph 28 are denied.

29. The allegations of Paragraph 29 are denied.

30. In response to Paragraph 30, the responses to Paragraphs 1 through 29 above are incorporated by reference with the same force and effect as if fully set forth in this Paragraph.

31. The allegations of Paragraph 31 are denied and/or denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

32. The allegations of Paragraph 32 are denied, and such allegations require strict and exacting proof. Furthermore, in Paragraph 25 of this First Amended Complaint, Plaintiff contradicts the allegations of Paragraph 32 by admitting that the products in question were **manufactured by someone other than Sterling Silvia.** In view of Plaintiff's admission that the products were manufactured by someone other than Sterling Silvia, Plaintiff's allegation in Paragraph 32 that Sterling Silvia "cop[ied] . . . products wholly incorporating the Silver Dream Design" is plainly false.

33. The allegations of Paragraph 33 are denied.

34. The allegations of Paragraph 34 are denied.

35. In response to Paragraph 35, the responses to Paragraphs 1 through 34 above are incorporated by reference with the same force and effect as if fully set forth in this Paragraph.

36. The allegations of Paragraph 36 are denied.

37. The allegations of Paragraph 37 are denied.

38. The allegations of Paragraph 38 are denied.

39. In response to Paragraph 39, the responses to Paragraphs 1 through 38 above are incorporated by reference with the same force and effect as if fully set forth in this Paragraph.

40. The allegations of Paragraph 40 are denied.

41. The allegations of Paragraph 41 are denied.

42. The allegations of Paragraph 42 are denied.

43. In response to Paragraph 43, the responses to Paragraphs 1 through 38 above are incorporated by reference with the same force and effect as if fully set forth in this Paragraph.

44. The allegations of Paragraph 44 are denied, and such allegations require strict and exacting proof.

45. The allegations of Paragraph 45 are denied.

46. In response to Paragraph 46, the responses to Paragraphs 1 through 45 above are incorporated by reference with the same force and effect as if fully set forth in this Paragraph.

47. The allegations of Paragraph 47 are denied.

48. The allegations of Paragraph 48 are denied, except to admit that the settlement agreement as executed is the best evidence of its terms.

49. The allegations of Paragraph 49 are denied.

50. To the extent Plaintiff's prayer for relief requires a response, the allegations in such prayer for relief are denied and Defendants deny that Plaintiff is entitled to such a judgment.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

51. One or more Counts of the Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

52. This Court lacks jurisdiction over the subject matter of the action.

### Third Affirmative Defense

53. Plaintiff is not the real party in interest.

### Fourth Affirmative Defense

54. Plaintiff suffered no compensable injury or damage proximately caused by Defendants.

Fifth Affirmative Defense

55.     Plaintiff's injuries and damages, if any there be, were caused in whole or in part by individuals or entities over which Defendants have no control and/or for whom Defendants are not responsible.

Sixth Affirmative Defense

56.     Plaintiff is precluded from recovering the damages, remedies, or other relief that it seeks as a result of its failure to mitigate its damages, if any there be.

Seventh Affirmative Defense

57.     Plaintiff is precluded from recovering the damages, remedies, or other relief that it seeks as a result of its assumption of risk.

Eighth Affirmative Defense

58.     Plaintiff is precluded from recovering the damages, remedies, or other relief that it seeks on the grounds that Defendants' alleged conduct constitutes fair use.

Ninth Affirmative Defense

59.     Defendants plead all of their rights, remedies, and defenses under the U.S. Copyright Act, 17 U.S.C. § 101 et seq, including, without limitation, innocent infringement.

Tenth Affirmative Defense

60.     Plaintiff is precluded from recovering the damages, remedies, or other relief that it seeks on the grounds that, on information and belief, Plaintiff has failed to properly register, protect, maintain, and/or police its copyrights.

Eleventh Affirmative Defense

61.     Plaintiff is precluded from recovering the damages, remedies, or other relief that it seeks on the grounds that, on information and belief, Plaintiff has no protectable copyright

interest in the design that is the subject of the Complaint.

### Twelfth Affirmative Defense

62. Plaintiff is precluded from recovering the damages, remedies, or other relief that it seeks on the grounds that, to the extent (if any) that Plaintiff enjoys any copyright rights, on information and belief, Plaintiff has engaged in misuse of copyright.

### Thirteenth Affirmative Defense

63. Plaintiff is precluded from recovering the damages, remedies, or other relief that it seeks on the grounds that, on information and belief, Plaintiff has unclean hands.

### Fourteenth Affirmative Defense

64. Plaintiff is precluded from recovering the damages, remedies, or other relief that it seeks on the grounds that Defendants did not copy Plaintiff's Design.

### Fifteenth Affirmative Defense

65. Plaintiff is precluded from recovering the damages, remedies, or other relief that it seeks on the grounds that one or more of Plaintiff's state law claims are preempted under 17 U.S.C. § 301.

### Sixteenth Affirmative Defense

66. Plaintiff is precluded from recovering the damages, remedies, or other relief that it seeks as a result of its actual knowledge, at the time of the execution of the settlement agreement and the Asturias affidavits, that Sterling Silvia had, in fact, sold earrings incorporating the Silver Dream Design. Plaintiff possessed this actual knowledge because on or about August 7, 2010, Plaintiff purchased, or caused to be purchased, from Sterling Silvia a pair of earrings incorporating the Silver Dream Design.

Seventeenth Affirmative Defense

67. Plaintiff failed to state with particularity the circumstances constituting its claim of fraud, as required by Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiff failed to state with particularity the specific statements in the affidavits that were allegedly false, and the specific nature of falsity. Plaintiff's vague, unspecific claims of "false statements in the sworn Settlement Affidavits" failed to meet the exacting requirement of Rule 9(b).

<b>COUNTERCLAIMS</b>

Parties

68. Plaintiff Silver Dream, LLC ("Silver Dream") is made a defendant to Sterling Silvia's counterclaims herein. Plaintiff is a limited liability company organized under the laws of the State of Louisiana with its principal place of business located at 8004 Willow Street, New Orleans, Louisiana 70118.

69. Joseph Tumulty is made a defendant to Sterling Silvia's counterclaims herein. On information and belief, Mr. Tumulty is a person of the full age of majority and a resident of the Parish of Orleans, State of Louisiana. On information and belief, Mr. Tumulty is a member of Silver Dream, LLC, which he caused to be formed on or about July 16, 2004.

70. Leticia "Lety" Tumulty is made a defendant to Sterling Silvia's counterclaims herein. On information and belief, Mrs. Tumulty is a person of the full age of majority and a resident of the Parish of Orleans, State of Louisiana. On information and belief, Mrs. Tumulty is a member of Silver Dream, LLC, which she caused to be formed on or about July 16, 2004.

Jurisdiction and Venue

71. Jurisdiction over Sterling Silvia's counterclaims exists under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

72. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(b) and (c).

## First Counterclaim: Computer Fraud and Abuse Act

73. Sterling Silvia realleges and incorporates by reference the allegations of Paragraphs 68 through 72 above as if fully set forth in this Paragraph.

74. On more than one occasion in late October of 2010, Silver Dream, by way of at least Mr. Tumulty, transmitted an e-mail communication to Sterling Silvia's manufacturer in Thailand, wherein Mr. Tumulty (or another an agent or representative of Silver Dream) deceived Sterling Silvia's manufacturer, falsified a request for sensitive and proprietary information (and by Sterling Silvia's redaction of this information, Silver Dream had knowledge of the sensitive and proprietary nature of this information), and misrepresented the electronic signature of Mr. Juan Asturias.

75. The aforementioned conduct constitutes a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

## Second Counterclaim: Trade Secret Misappropriation

76. Sterling Silvia realleges and incorporates by reference the allegations of Paragraphs 68 through 75 above as if fully set forth in this Paragraph.

77. Sterling Silvia zealously guards, and takes steps to safeguard, its internal pricing information as well as the identity of its manufacturers with which it has a close working relationship.

78. The aforementioned conduct of Silver Dream, Joseph Tumulty, and Lety Tumulty constitutes a violation of the Louisiana Uniform Trade Secrects Act, La. R.S. 51:1431 et seq.

### Third Counterclaim: Unfair Trade Practices

79. Sterling Silvia realleges and incorporates by reference the allegations of Paragraphs 68 through 78 above as if fully set forth in this Paragraph.

80. The aforementioned conduct of Silver Dream, Joseph Tumulty, and Lety Tumulty constitutes a violation of the Louisiana Unfair Trade Practices Act, La. R.S. 51:1401 et seq.

### Fourth Counterclaim:  Invasion of Privacy

81. Sterling Silvia realleges and incorporates by reference the allegations of Paragraphs 68 through 80 above as if fully set forth in this Paragraph.

82. The aforementioned conduct of Silver Dream, Joseph Tumulty, and Lety Tumulty constitutes a violation of the common-law tort of invasion of privacy as adopted in Louisiana.

### Fifth Counterclaim: Breach of Contract and Duty to Deal in Good Faith

83. Sterling Silvia realleges and incorporates by reference the allegations of Paragraphs 68 through 82 above as if fully set forth in this Paragraph.

84. In September and October of 2010, the parties negotiated a settlement of this matter and executed a Settlement Agreement resolving all claims in this lawsuit.  Shortly after execution of the Settlement Agreement, however, Silver Dream unilaterally and without justification reneged on the settlement and continued to pursue this lawsuit.

85. In the alternative, the aforementioned conduct of Silver Dream constitutes a breach of the Settlement Agreement and is a blatant, egregious violation of Silver Dream's duty under Louisiana Civil Code article 1759 to deal in good faith.

### Sixth Counterclaim: Copyright Infringement

86. Sterling Silvia realleges and incorporates by reference the allegations of Paragraphs 68 through 85 above as if fully set forth in this Paragraph.

87. In approximately 2006 or 2007, Sterling Silvia conceived and created a jewelry design for a pendant featuring a pelican with a fleur-de-lis dangling from its beak (the "Pelican Fleur-de-Lis Design").

88. The Pelican Fleur-de-Lis Design is an original work of authorship and constitutes copyrightable subject matter. All rights, title, and interest in and to the Pelican Fleur-de-Lis Design vest in Sterling Silvia.

89. Sterling Silvia owns and holds Registration No. VA 1-750-381 issued by the United States Copyright Office for the Pelican Fleur-de-Lis Design.

90. Since approximately 2006 or 2007, jewelry incorporating the Pelican Fleur-de-Lis Design has been widely advertised and sold in the greater New Orleans area. After the Pelican Fleur-de-Lis Design appeared in the marketplace, Silver Dream, Joseph Tumulty, and Lety Tumulty had access to the design and, upon information and belief, knew the design was experiencing success in the marketplace.

91. Shortly after the Pelican Fleur-de-Lis Design appeared in the marketplace, one or more of Silver Dream, Joseph Tumulty, and Lety Tumulty began reproducing, selling, marketing jewelry that directly copies the Pelican Fleur-de-Lis Design. The copying and selling of the Pelican Fleur-de-Lis Design by one or more of Silver Dream, Joseph Tumulty, and Lety Tumulty has been willful and intentional.

92. Silver Dream's pendant wholly encompasses and directly copies the Pelican Fleur-de-Lis Design; images of Silver Dream's copied pendant are shown below. The pendant sold by Silver Dream identically copies the Pelican Fleur-de-Lis Design. It is immediately obvious that Silver Dream copied the Pelican Fleur-de-Lis Design.

 

**Sterling Silvia's**  **Silver Dream's**
**Pelican Fleur-de-Lis Design**  **Copied Design**

93.     The copying and selling of the Pelican Fleur-de-Lis Design by one or more of Silver Dream, Joseph Tumulty, and Lety Tumulty has occurred within the past three years.

94.     Silver Dream, Joseph Tumulty, and Lety Tumulty knew, or should have known, that they did not have permission to copy the Pelican Fleur-de-Lis Design.

95.     The aforementioned conduct of Silver Dream, Joseph Tumulty, and Lety Tumulty constitutes copyright infringement and a violation of Sterling Silvia's rights under the U.S. Copyright Act, 17 U.S.C. § 101 et seq.

Seventh Counterclaim: Copyright Act Attorneys' Fees

96.     Sterling Silvia realleges and incorporates by reference the allegations of Paragraphs 68 through 95 above as if fully set forth in this Paragraph.

97.     Inasmuch as Sterling Silvia's counterclaims for copyright infringement by one or more of Silver Dream, Joseph Tumulty, and Lety Tumulty are meritorious and will be successful, Sterling Silvia is entitled to an award of attorneys' fees and other relief under the U.S. Copyright Act, 17 U.S.C. § 101 et seq.

98.     Inasmuch as Plaintiff's claims of alleged copyright infringement and/or other copyright actions against Sterling Silvia are without merit and will be denied, Sterling Silvia is

entitled to an award of attorneys' fees and other relief under the U.S. Copyright Act, 17 U.S.C. § 101 et seq.

**WHEREFORE,** Sterling Silvia prays that this answer be deemed good and sufficient and that, after due proceedings had, there be judgment in its favor and against Plaintiff dismissing Plaintiff's demands at its cost and with prejudice and for an award of money for its court costs, attorneys' fees, consulting fees, and expert witness fees.  Sterling Silvia prays further for an award of preliminary and permanent injunctive relief, the destruction of Plaintiff's infringing copies, actual damages, attorneys' fees, consulting fees, and expert witness fees on Sterling Silvia's counterclaims and for any and all other general and equitable relief in the premises or that this Court deems proper.

Respectfully submitted,

/s/ Theodore S. Owers III
Raymond G. Areaux (#16792)
Theodore S. Owers III (#27028)
Ian C. Barras (#30854)
J. Matthew Miller III (#32594)
*Carver, Darden, Koretzky, Tessier,*
   *Finn, Blossman & Areaux, LLC*
1100 Poydras Street, Suite 3100
New Orleans, Louisiana 70163
Telephone: 504.585.3803
Facsimile: 504.585.3801
areaux@carverdarden.com

*Attorneys for Silvia Asturias, Juan Asturias,*
   *and Mayan Obsessions, Inc*.

## Certificate of Service

  I hereby certify that on March 2, 2011, I electronically filed a true and correct copy of the foregoing Defendants' Answer, Affirmative Defenses, and Counterclaims to Plaintiff's First Amended Complaint with the clerk of court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

            /s/ Theodore S. Owers III_____
            Theodore S. Owers III

4834-4071-0920, v. 1